# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **KEVIS HARPER**, *et al.*,    No. 168040,        Plaintiffs   v.   **TONY PARKER**, *et al.*,        Defendants. | No. 1:17-cv-00020   **CHIEF JUDGE CRENSHAW** |

## MEMORANDUM OPINION

Kevis Harper and Michael Mills, inmates of the Turney Center Correctional Complex in Only, Tennessee, along with Nico Farmer, an inmate of the West Tennessee State Prison in Henning, Tennessee, filed this joint *pro se* action under 42 U.S.C. § 1983 against Tony Parker, CCA, Cherry Lindamood, SCCC Pevahouse Disciplinary, Geneva Roberts, Ronda Staggs, Leigh Staggs, f/n/u Vasqnillova, Don Bright, f/n/u Tanner, f/n/u Bridges, and f/n/u Schultz, alleging violations of his federal civil rights. (Doc. No. 1). They also filed a motion for injunctive relief (Doc. No. 2), a motion for class certification (Doc. No. 3), and a motion for release of medical records and production of incident reports. (Doc. No. 21).

## I. Motion to Amend

The Court construed the Plaintiffs' submission entitled "Civil Rights 42 U.S.C. 1983" on April 5, 2017 (Doc. No. 15) as a motion to amend the complaint. (Doc. No. 18). See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013)(a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the Prison Litigation Reform Act's screening requirements for prisoner and *in forma pauperis* suits).

1

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir.2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir.1980)).

The proposed amendment complaint (Doc. No. 15) is largely identical to the original complaint (Doc. No. 1). There appears to be no undue prejudice to the opposing parties by permitting the Plaintiffs to amend their complaint at this time; no Defendant has been served. Moreover, as explained below, the amendment is not futile in all respects. The Court therefore will grant the motion to amend and screen the amended complaint, as informed by the original complaint, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## II. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.    Section 1983 Standard

Plaintiffs bring their claims pursuant to 42 U.S.C. § 1983 that creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege

3

and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

IV.     **Factual Allegations**

The complaint alleges generally that the conditions of confinement for administratively segregated "protective custody" inmates housed at the South Central Correctional Facility are inferior to the conditions of confinement for other inmates held at the same facility and include, but are not limited to, the presence of rats, unsanitary ripped mattresses, moldy showers and cells, exposed electrical wiring, asbestos, and inadequate heat. (Doc. No. 1 at 2; Doc. No. 15 at ). In addition, the complaint alleges that, as punishment and in retaliation for complaining about the conditions of their confinement, the segregated inmates are not receiving proper medical care and are being denied food, hygiene items, the right to worship, access to courts, appropriate recreational time, the use of telephones, and mail delivery. (Id.)

More specifically, Plaintiff Farmer alleges that Defendants Vasqnillova and Bright beat and raped Plaintiff Farmer on January 29, 2017, while calling him "a dirty Nigger" and leaving him in need of medical attention. (Doc. No. 1 at 1-2). Farmer alleges that he informed Second Shift Officers f/n/u Bridges and Schultz of what happened to him and sought medical attention, but they ignored his request. (Doc. No. 1 at 6). In addition, Plaintiff Harper alleges that he suffers from diabetes and requires a certain type of shoe which the facility nurse practitioner approved but Defendant R. Staggs will not permit the Plaintiff to possess. (Doc. No. 15 at 13).

V.     **Analysis**

While the complaint names Parker, L. Staggs, and Tanner as Defendants to this action, the

4

complaint does not allege any specific personal involvement by these Defendants in the events described in the complaint other than failing to respond to the Plaintiffs' inmate grievances or complaints. Although the Plaintiffs may feel that their grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Given that a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiffs' claims based on any Defendant's failure to respond to a Plaintiff's grievance do not state a claim upon which relief can be granted. Any such claims will be dismissed.

Moreover, the law is settled that actions brought against state actors cannot be maintained under § 1983 on a theory of respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al., 436 U.S. 658, 659, 691–95 (1978); Siggers v. Campbell, 652 F.3d 681, 695 (6th Cir. 2011) (citing Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80–81 (6th Cir. 1995), unless the state actor was directly involved in the alleged violations of the plaintiff's constitutional rights, see Colvin v. Caruso, 605 F.3d 282, 292 (6th Cir. 2010) (internal citations and quotation marks omitted). For vicarious liability to attach, a supervisor must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [party]." Colvin, 605 F.3d at 292 (citing Cardinal v. Metrish, 564 F.3d 794, 802–03 (6th Cir. 2009)).

The complaint alleges that Defendants Lindamood, Pevahouse, and Roberts were directly

5

responsible for the Plaintiffs' placement in administrative segregation or, alternatively, that these Defendants "implicitly authorized, approved, or knowingly acquiesced" to the Plaintiffs' placement. In addition, the complaint alleges that these Defendants acted pursuant to a corporate policy or custom of CCA that violates the Plaintiffs' constitutional rights. Therefore, the Plaintiffs' claims as to these Defendants are not based on the doctrine of *respondeat superior*. However, the Plaintiffs' claims as currently stated against Defendants Parker and Tanner do not allege any personal involvement by those Defendants and cannot be sustained under the doctrine of *respondeat superior*. Thus, the Court will dismiss the claims against Defendants Parker and Tanner for failure to state claims upon which relief can be granted.

Next, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(collecting cases); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). An Eighth Amendment conditions of confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

The complaint alleges § 1983 claims against Defendant R. Staggs for denying medical

6

treatment to Plaintiff Harper for his diabetes and against Defendants Bridges, Schultz, Vasqnillova, and Bright for denying medical treatment to Plaintiff Farmer for the injuries sustained as a result of the alleged beating and sexual assault by Officers Vasqnillova and Bright. To establish a violation of a prisoner's Eighth Amendment rights resulting from a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. Estelle v. Gamble, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. Id. at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. Berryman v. Rieger, 150 F.3d 561, 565 (6th Cir. 1998)(citing Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

The Court finds that the allegations of the complaint and amended complaint, combined with the supporting documents provided by the Plaintiffs, support colorable Eighth Amendment conditions of confinement and denial of medical treatment claims against Defendants Bridges, Schultz, R. Staggs, CCA, Lindamood, Pevahouse, Roberts, Vasqnillova, and Bright. These claims will be allowed to proceed for further development.

It appears from the complaint that Plaintiff Farmer was a prisoner, and not a pre-trial detainee, at the time of alleged assault and sexual assault by Defendants Vasqnillova and Bright. The legal status of a purported victim of excessive force is significant because the conduct of the offending officers must be analyzed under the standard appropriate to the applicable constitutional

provision. See Coley v. Lucas County, Ohio, 799 F.3d 530, 538 (6th Cir. 2015)("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'")(quoting Kingsley v. Hendrickson, ___ U.S. ___, ___ 135 S. Ct. at 2473 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014)(quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Whitley v.

Albers, 475 U.S. 312, 321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)).

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L.Ed.2d 995 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Cordell, 759 F.3d at 581 (quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992)) (alteration in original). *De minmis* uses of physical force are generally excluded from recognition under an Eighth Amendment analysis, "provided the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 10, 112 S. Ct. 995 (quoting Whitley v. Albers, 475 U.S. 312, 318–22, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. at 8, 112 S. Ct. 995. In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. 995.

The Court finds that the complaint states excessive force claims under § 1983 against Defendants Vasqnillova and Bright and in their individual capacities. This is a preliminary finding only. The Court merely determines that the allegations of the complaint survive the required PLRA's screening as to these claims and Defendants, and further factual development is warranted out of an abundance of caution, particularly considering the seriousness of the allegations and the supporting affidavits filed by other inmates.

**VI. Conclusion**

As set forth above, the Plaintiffs' motion to amend will be granted. However, the Court will dismiss any Section 1983 claims based on Defendants: Parker, L. Staggs and Tanner's lack of personal involvement in the alleged events and/or failure to respond to grievances.

The Court finds that the complaint states colorable Eighth Amendment conditions of confinement, denial of medical treatment, and excessive force claims under 42 U.S.C. § 1983 against the remaining Defendants. 28 U.S.C. § 1915A. Although it is unclear whether the Plaintiffs will ultimately prevail on any of all of these claims, the Court finds that the Eighth Amendment claims against these Defendants should proceed for further development, particularly given the serious nature of the allegations and the far-reaching implications of the policies and customs alleged by the Plaintiffs.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE