UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KEVIS HARPER, et al., | |
| Plaintiffs, | Case No. 1:17-cv-00020 |
| v. | Chief Judge Crenshaw<br>Magistrate Judge Newbern |
| TONY PARKER, et al., | |
| Defendants. | |

To the Honorable Waverly D. Crenshaw, Jr., Chief Judge

## REPORT AND RECOMMENDATION

Pending in this prisoner civil rights action are motions by pro se plaintiffs Kevis Harper, Nico Farmer, and Michael Mills for injunctive relief (Doc. No. 2) and for class certification (Doc. No. 3). Defendants Don Bright, Randall Bridges, Cherry Lindamood, Brenda Pevahouse, Geneva Roberts, Rhonda Staggs, Zubulon Stults, and Matthew Villanueva have opposed these motions. (Doc. No. 45.) The motions have been referred to the Magistrate Judge for report and recommendation. (Doc. No. 25.) For the following reasons, the undersigned RECOMMENDS that the motion for injunctive relief be FOUND MOOT and the motion for class certification be DENIED.

### I. Background

Plaintiffs are inmates in the custody of the Tennessee Department of Correction (TDOC). Their complaint, motion for injunctive relief, and motion for class certification were filed on February 27, 2017, at which time all three were housed at the South Central Correctional Facility (SCCF) in Clifton, Tennessee. Plaintiffs allege that the remaining defendants in this action, who

are employed at SCCF (Doc. No. 1, PageID# 2), subjected them to unsanitary conditions and abuse that violated their Eighth Amendment rights.

## II. Plaintiffs' Motion for Injunctive Relief (Doc. No. 2)

Plaintiffs' motion for injunctive relief seeks the issuance of "an injunction preventing the Defendants from further reckless actions that are asserted in Plaintiffs['] attached Complaint"—all of which took place at SCCF. (Doc. No. 2, PageID# 76.) However, within months of filing suit, Plaintiff Harper was transferred to the Turney Center Industrial Complex in Only, Tennessee (Doc. No. 6); Plaintiff Farmer was transferred to the Morgan County Correctional Complex in Wartburg, Tennessee (Doc. No. 46); and Plaintiff Mills was transferred to the West Tennessee State Penitentiary in Henning, Tennessee (Doc. No. 48). It appears that Plaintiffs remain in these respective facilities and no plaintiff is housed at SCCF.

A transfer to another prison moots a prisoner's claim for injunctive relief addressing prison conditions if the alleged risk of harm does not travel with the prisoner to his new institution. *Compare Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (finding injunctive relief claim not mooted by transfer when challenged kosher meal policy also applied to plaintiff at new prison), *with Proctor v. Applegate*, 661 F. Supp. 2d 743, 763 (E.D. Mich. 2009) (finding injunctive relief claim moot where none of the alleged acts did took place and no defendant was employed at a facility where any plaintiff was then housed). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Proctor*, 661 F. Supp. 2d at 762; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding claims for declaratory and injunctive relief regarding legal mail moot because prisoner was no longer at the institution that searched his mail). Here, Plaintiffs'

claims are either specific to SCCF as a correctional facility (including claims alleging unsafe and unsanitary conditions, denial of the right to worship, inadequate mail delivery, and inadequate medical care) or specific to the named Defendants who work at SCCF (including claims alleging rape and assault "by Defendants"). (Doc. No. 1, PageID# 2.) Because Plaintiffs are no longer in danger of suffering the alleged injuries by these Defendants, their motion for injunctive relief should be FOUND MOOT. Plaintiffs' Eighth Amendment claims for damages related to the conditions of their confinement, the denial of medical treatment, and excessive force remain pending (Doc. No. 24, PageID# 201), subject to the Court's ruling on Defendants' motion to dismiss (Doc. No. 43).

### III. Plaintiffs' Motion for Class Certification (Doc. No. 3)

In their motion for class certification (Doc. No. 3), Plaintiffs ask the Court to certify a class consisting of "all African-American persons that [SCCF] prison officials have subjected . . . to cruel and unusual punishment and deliberate[] indifferen[ce]," as Plaintiffs claim they have suffered those harms. (Doc. No. 3, PageID# 78.) Under Rule 23(a) of the Federal Rules of Civil Procedure, the Court can certify a class to be represented by one or more of its members only if the following four conditions are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Stout v. J.D. Byrider*, 228 F.3d 709, 716–17 (6th Cir. 2000). Here, Plaintiffs' motion is short-circuited by the Sixth Circuit's rule that pro se inmates who lack legal training "are not able adequately to represent [a] proposed class." *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests

of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) ("Generally, pro se prisoners cannot adequately represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (same). The Court need go no further in its analysis. *Putnam v. Montgomery Cty. Sheriff's Dep't*, No. 3:12-0132, 2012 WL 6645314, at *2 (M.D. Tenn. Dec. 20, 2012), *report and recommendation adopted by Putnam v. Montgomery Cty. Sheriff's Dep't*, No. CIV. 3:12-0132, 2013 WL 173001, at *1 (M.D. Tenn. Jan. 15, 2013). Plaintiffs' motion for class certification (Doc. No. 3) should be DENIED.

## IV. Conclusion

For these reasons, the Magistrate Judge RECOMMENDS that Plaintiffs' motion for injunctive relief (Doc. No. 2) be FOUND MOOT and Plaintiffs' motion for class certification (Doc. No. 3) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 21st day of February, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge