UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KEVIS HARPER,<br><br>    Plaintiff,<br><br>v.<br><br>TONY PARKER, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00020<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

Before the Court in this long-running civil rights action is pro se Plaintiff Kevis Harper's amended complaint.[1] (Doc. No. 71.) Because Harper is incarcerated and appears *in forma pauperis*, the Court has an ongoing obligation to ensure that the operative pleading in this action states claims on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Harper's amended complaint in its entirety.

**I.    Relevant Background**

The Court has had several opportunities to set out the procedural posture and facts of this case. (Doc. Nos. 24, 57, 62.) On February 27, 2017, Harper and fellow South Central Correctional

---

[1]    Harper styles the document received in the Clerk's Office on May 20, 2019, as a "motion to amend" (Doc. No. 71, PageID# 416), but he filed the document in compliance with this Court's repeated order "to file an amended complaint that contains all of his factual allegations and legal claims against the remaining defendants in this action" (Doc. No. 70, PageID# 415). Harper already has the Court's leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2), and the Magistrate Judge therefore construes the filing to be Harper's amended complaint.

Facility (SCCF) inmates Antonio Crockett, Charles Arms, Nico Farmer, and Michael Mills filed a complaint on their own behalf against Defendants Tony Parker, Cherry Lindamood, Brenda Pevahouse, Geneva Roberts, Rhonda Staggs (R. Staggs), Leigh Staggs (L. Staggs), Matthew Villanueva, Don Bright, f/n/u Tanner, Randall Bridges, and Zubulon Stults. (Doc. No. 1.) Harper and the other plaintiffs generally alleged that the defendants subjected them to unsanitary conditions and abuse that violated their Eighth Amendment rights. (*Id.*) As previously found, their complaint was "filled with descriptions of bad and worse prison conditions" but "short on essential details of liability, like who did what to whom and when." (Doc. No. 57, PageID# 366.) Plaintiffs filed supplemental allegations on April 5, 2017. (Doc. No. 15.) The Court construed that filing as a motion to amend and proposed supplemental complaint and granted the motion. (Doc. Nos. 24, 25.)

The Magistrate Judge previously summarized the individualized allegations in the original and supplemental complaints relating to Harper as follows:

> Harper alleges that, on September 25, 2016, he was sent to SCCF segregation by [Defendants] Lindamood, Pevahouse (identified as "SCCF Disciplinary"), and Roberts (identified as "SCCF Internal Affairs"), in violation of prison policy. ([Doc. No. 1,] PageID# 7.) Between November 1 and November 30, 2016, Harper made numerous requests to return to the general population or to be transferred to a different facility, but his requests were denied. (*Id.*) He was not told why he was placed in segregation or given sufficient notice of a disciplinary hearing, nor was he given access to exculpatory evidence. (*Id.* at PageID# 8.) Further, Harper alleges that, on December 30, 2016, he was denied a shower by Henson and Stokes (neither of whom is a named defendant); that, on January 17, 2017, he was not fed; and that, on January 19, 2017, he submitted a letter detailing the "abuse, neglect and indifference" he was experiencing, although he does not state to whom the letter was addressed. (*Id.*)
>
> In the supplement to the complaint, Harper alleges generally that "Defendants" have failed to obtain and allow him to wear physician-prescribed diabetic shoes, which reduce pain and swelling in his legs. (Doc. No. 15, PageID# 149.) He specifically alleges that R. Staggs, who is in charge of the segregation unit, "restrict[ed] him in direct contravention to what [his] prescription requires for him wearing diabetic shoes," and that he is being "forced to wear painful footwear." (*Id.*)

2

(Doc. No. 57, PageID# 367.)

On June 22, 2017, the Court dismissed Crockett and Arms from the action for failure to comply with an order that they remedy certain procedural deficiencies, granted Harper's motion to proceed *in forma pauperis*, and reviewed the pleadings under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 25.) The Court dismissed the plaintiffs' claims against Defendants Parker, L. Staggs, and f/n/u Tanner for failure to state a claim on which relief could be granted, but allowed the plaintiffs' Eighth Amendment claims against the remaining defendants for unlawful conditions of confinement and denial of medical treatment and Farmer's claim of excessive force to proceed. (Doc. Nos. 24, 25.) The Court explained that it was "unclear whether the Plaintiffs [would] ultimately prevail" on their Eight Amendment claims, but found that "further development" of those claims was appropriate "given the serious nature of the allegations . . . ." (Doc. No. 24, PageID# 201.)

Defendants Bright, Bridges, Lindamood, Pevahouse, Roberts, R. Staggs, Stults, and Villanueva then filed a motion to dismiss or, in the alternative, to sever the plaintiffs' claims. (Doc. No. 43.) The Court granted in part and denied in part the defendants' motion to dismiss. (Doc. Nos. 57, 59.) Specifically, the Court dismissed all of Mills's claims, severed Harper's and Farmer's claims into two independent actions, and denied the defendants' motion to dismiss without prejudice to refiling after Harper and Farmer filed amended complaints in their now-separate actions. (Doc. No. 59.) The Court then ordered Harper and Farmer to file amended complaints in their individual actions alleging only their own claims against the appropriate defendants by no later than October 8, 2018. (*Id.*) Harper did not do so.

On October 25, 2018, the defendants filed a motion to dismiss Harper's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 60.) Harper did not

respond to that motion. On March 11, 2019, the Magistrate Judge recommended that the defendants' motion to dismiss be granted and that Harper's claims be dismissed without prejudice based on his failure to prosecute. (Doc. No. 62.) On March 25, 2019, the Court received a two-page letter from Harper—the first communication from Harper in more than a year—asking that the Court not dismiss his claims and generally describing the wrongs he claims to have suffered. (Doc. No. 63.) Harper did not attach a proposed amended complaint to the letter. On April 12, 2019, the Court received two more filings from Harper: a motion to compel production of his medical records and other documents (Doc. No. 65) and a second letter stating that he was deprived of his personal property and old legal mail when he was transferred to another facility in March 2017 (Doc. No. 66). The Court referred these filings to the Magistrate Judge for consideration (Doc. No. 67) and terminated without prejudice the report and recommendation on defendants' motion to dismiss (Doc. No. 69).

The Magistrate Judge ordered Harper "to file an amended complaint that contains all of his factual allegations and legal claims against the remaining defendants in this action" by May 22, 2019. (Doc. No. 70, PageID# 415.) On May 20, 2019, the Court received Harper's amended complaint. (Doc. No. 71.) In it, Harper once again generally alleges that "SCC[F] Prison officials have . . . subjected [him] to cruel and unusual punishment" due to the same prison conditions described in the original and supplemental complaints. (Doc. No. 71, PageID# 416.) Harper states that Defendant Villanueva "and the [r]est of the officers call[ed] [him] [n****r], monkey, sp[a]t in [his] food, pour[ed] chemicals in food at times, and at times denied [him] food, [and] denied [him] medical treatment[.]" (*Id.* at PageID# 417.) Harper alleges that, "if and when they would take [him] outside for [recreation], they would place [him] in a cage . . . for over 10 hours [with] no food, no restroom, no chair or bench[,] [n]othing in freezing temp[eratures of] 12 [degrees] or

4

lower [with] no coat, [and] no shoes." (*Id.*) Finally, Harper states that Defendants Villanueva, Bridges, Stults, and Roberts (with f/n/u Tanner, who is no longer a defendant in this action) "cause[d] [him] intentional infliction of emotional distress[ ] [and] pain and suffering[ ] [b]y [i]ntentional[ly] throwing away all of [his] personal property . . . obtain[ed] over 14 years[.] (*Id.*) Harper seeks compensatory and punitive damages. (Doc. No. 71.)

## II. Legal Standard

The standard for reviewing pleadings under 28 U.S.C. §§ 1915(e)(2) and 1915A is the same as the standard for evaluating motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Harper proceeds pro se, the Court construes his filings "liberally" and holds his amended complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.  Analysis

Having reviewed Harper's amended complaint, the Magistrate Judge finds that it contains insufficient factual content to support a reasonable inference that any of the remaining defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. As an initial matter, the amended complaint does not mention Defendants Lindamood, Pevahouse, or R. Staggs (Doc. No. 71), and the Court has already dismissed any potential claims against f/n/u Tanner, whom the amended complaint mentions briefly (Doc. No. 25). Harper thus does not state a claim against any of these defendants.

To state a claim for relief under the Eighth Amendment against the remaining defendants based on conditions of confinement and denial of medical care, Harper would have to show that they acted with deliberate indifference to inhumane conditions or to his medical needs. *See Rafferty v. Trumbull Cty.*, 915 F.3d 1087, 1094 (6th Cir. 2019). The amended complaint fails to name any specific defendants in connection with Harper's conditions-of-confinement claims—including his general allegations of being held outside in freezing temperatures—or to describe how any defendant demonstrated the required deliberate indifference. Harper's bare assertion that Defendant Villanueva "and the rest of the officers" called him by racial slurs, contaminated his

food, and denied him food and medical treatment in further violation of the Eighth Amendment, without any additional factual development, is not enough to push his claim over the line from possible to probable. *See Iqbal*, 556 U.S. at 678. The same is true for Harper's bare allegation that Defendants Villanueva, Bridges, Bright, Stults, and Roberts are liable for intentional infliction of emotional distress (IIED) because they intentionally destroyed his personal property. Without further factual development, the Court cannot reasonably infer that these defendants are liable for destroying Harper's property. Even if Harper could state a claim against these defendants for IIED, that claim would arise under state law, and courts generally decline to exercise jurisdiction over state-law claims where all federal claims have been dismissed. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010).

**IV.      Recommendation**

Harper has had ample time and opportunity to gather the facts surrounding his claims and file an amended complaint presenting all of those facts. The Court informed Harper that his amended complaint "'must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections.'" (Doc. No. 70, PageID# 415 (quoting M.D. Tenn. R. 15.01(b) (form of amended pleading).) But Harper's amended complaint contains hardly any particularized factual details and omits specific details included in his prior pleadings. For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS Harper's amended complaint (Doc. No. 71) under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state any claims on which relief may be granted.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 1st day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge